**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1377**

———————————

MINU BISTA THAPA,

                                                    Petitioner,

        versus

ALBERTO R. GONZALES,

                                                    Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-923-375)

———————————

Submitted:  October 2, 2006        Decided:  November 7, 2006

———————————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Khagendra Gharti-Chhetry, CHHETRY & ASSOCIATES, P.C., New York, New
York, for Petitioner.  Rod J. Rosenstein, United States Attorney,
Larry D. Adams, Assistant United States Attorney, Baltimore,
Maryland, for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Minu Bista Thapa, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's decision denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT") and denying her motion to remand. We deny the petition.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). "An applicant who demonstrates that [s]he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. at 187. An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999).

- 2 -

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotations and citations omitted). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks omitted).

We find the record does not compel a different result. The Board's adverse credibility finding was supported by

substantial evidence. In addition, there was no significant evidence supporting Thapa's contention she would be tortured were she to return to Nepal.

Because Thapa did not present new evidence establishing changed country conditions to the extent that she would be a victim of persecution, we find the Board did not abuse its discretion in denying the motion to remand. See Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005) (setting forth standard of review).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED